**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELLA ORTIZ, <br><br> Plaintiff, <br><br> v. <br><br> P.F. CHANG's CHINA BISTRO, INC., a Delaware Corporation, <br><br> Defendant. | No. 1:24-CV-00079-KES-HBK <br><br> ORDER DENYING MOTION TO FILE AMENDED COMPLAINT AND TO REMAND <br><br> Doc. 7 |

Plaintiff Della Ortiz ("Ortiz") moves for leave to file a first amended complaint and to remand this action to Fresno County Superior Court. Doc. 7-7 ("FAC"); Doc. 7-1 ("MTR"). Defendant P.F. Chang's China Bistro, Inc. ("P.F. Chang's") filed an opposition, Doc. 9 ("Opp'n"). Ortiz did not file a reply. The Court took the motion under submission. Doc. 8. For the reasons set forth below, Ortiz's motion is denied.

**I.     Background**

On November 15, 2023, Ortiz brought this case in Fresno County Superior Court alleging that defendant P.F. Chang's negligently failed to maintain a safe condition at its restaurant in Fresno, California, and that she was injured when she slipped and fell in the restaurant. Doc. 1-2

1

1  ("Compl."). The complaint asserts causes of action under California law for negligence and
2  premises liability against P.F. Chang's and Doe defendants. *Id.* P.F. Chang's removed the action
3  to this Court on January 17, 2024, based on diversity jurisdiction. Doc. 1 ("Notice of Removal").

4  In its notice of removal, P.F. Chang's asserted that this Court has subject matter
5  jurisdiction because the amount in controversy exceeds $75,000 and the parties are completely
6  diverse. *Id.* at 4–6. Ortiz is a resident of Fresno County, California, and P.F. Chang's is a
7  corporation registered in the state of Arizona with its principal place of business in Arizona. *Id.*
8  ¶¶ 18, 20.

9  On February 14, 2024, Ortiz filed the pending motion for leave to file a first amended
10 complaint to join Connor O'Neal ("O'Neal"), a resident of Fresno, California. *See* FAC ¶ 3. In
11 her motion, Ortiz also moved to remand the case to state court. MTR. Ortiz argues that remand
12 is required because P.F. Chang's notice of removal was untimely and because complete diversity
13 will not exist if Ortiz is given leave to file her FAC as O'Neal is a California resident, depriving
14 this Court of jurisdiction.[1] *Id.*

## II. Timeliness of Removal

16 The Court first turns to Ortiz's argument that defendant's removal was untimely and
17 therefore defective.

### A. Legal Standard

19 "The notice of removal of a civil action or proceeding shall be filed within 30 days after
20 the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting
21 forth the claim for relief." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is
22 not removable, a notice of removal may be filed within thirty days after receipt by the defendant,
23 through service or otherwise, of a copy of an amended pleading, motion, order or other paper
24 from which it may be first ascertained that the case is one which is or has become removable."
25 28 U.S.C. § 1446(b)(3).

---

27 [1] Due to the elevation of the prior district judge, no district judge was assigned to this matter
    from January 17, 2024, the date the action was filed, to March 13, 2024. *See* Doc. 10. The case
28 was reassigned to the undersigned on March 14, 2024. *See id.*

"A removal notice filed after the 30-day time period constitutes a procedural defect. . . . Thus, a case removed after this time period may be remanded on procedural grounds upon a motion by plaintiff filed within 30 days of removal [pursuant to 28 U.S.C. § 1447(c)]." *Id.* (citing *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.,* 346 F.3d 1190 (9th Cir. 2003)).

**B.     Discussion**

Ortiz argues that the thirty-day removal period under section 1446(b) began on November 15, 2023, when P.F. Chang's received the initial pleading, and that defendant's notice of removal, filed January 17, 2024, was therefore untimely. MTR at 8. Ortiz acknowledges that her complaint did not allege the amount in controversy. However, Ortiz argues that pre-filing correspondence between her and P.F. Chang's constitutes "other paper[s]," contemplated by 1446(b)(3), that provide "context" regarding the amount in controversy to be considered with the initial complaint filed on November 15, 2023. *Id.* Specifically, Ortiz asserts that she sent a pre-filing demand letter to P.F. Chang's insurer on October 11, 2023, demanding $1 million to resolve her claims. *Id.* at 4. She argues that a response letter from P.F. Chang's counsel reflected that P.F. Chang's was aware of plaintiff's demand, which was in excess of the $75,000 amount in controversy requirement for diversity jurisdiction. *Id.* at 9. Ortiz's argument that such correspondence provides sufficient context to trigger the thirty-day removal period fails.

"[R]emovability under § 1446(b)[1] is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or duty to make further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *see also Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (confirming holding in *Harris*, 425 F.3d 689). Moreover, the Ninth Circuit has held that "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period" given that the thirty-day period cannot begin before the filing of the initial pleading. *Carvalho*, 629 F.3d at 886. Nor can a "pre-complaint document containing a jurisdictional clue . . . operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods" in which the removal period would begin on the date the initial pleading was filed based

3

on the receipt of a pre-complaint document. *Id.*

Therefore, Ortiz cannot rely on any correspondence preceding her initial pleading to trigger the thirty-day removal period under section 1446(b)(3). Rather, Ortiz's statement of damages, alleging damages exceeding the $75,000 amount-in-controversy requirement, filed on January 3, 2024 (Notice of Removal, Ex. C), triggered the thirty-day removal period. P.F. Chang's filed its notice on January 17, 2024, within the thirty-day removal period under section 1446(b)(3). Notice of Removal. Accordingly, P.F. Chang's timely filed its notice of removal pursuant to 28 U.S.C. § 1446(b).

### III. Joinder of O'Neal as Defendant

The Court next turns to Ortiz's motion for post-removal joinder of O'Neal, and to defendant's fraudulent joinder argument.

#### A. Legal Standard

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The language of § 1447(e) is couched in permissive terms," and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). District courts generally consider the following factors when exercising their discretion to permit or deny joinder of non-diverse defendants:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) ("Rule 19") as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendant[] in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing, *inter alia*, *Palestini v. Gen. Dynamics Corp.,* 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

"Any of these factors might prove decisive, and none is an absolutely necessary condition

4

of joinder." *Sabag v. FCA US, LLC*, No. 2:16-CV-06639-CAS(RAOX), 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (quoting *Cruz v. Bank of N.Y. Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)). "Considerations of judicial economy are especially relevant and often animate courts' assessment of these factors." *Serna v. Costco Wholesale Corp.*, No. 1:23-cv-01225-KES-CDB, 2024 WL 4554866, at *2 (E.D. Cal. Oct. 23, 2024) (citing *Palestini*, 193 F.R.D. at 658). A defendant "bears the burden of establishing that removal is proper," and any doubt as to removability is resolved in favor of remand. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). However, "'once a case has been removed to federal court, the court must scrutinize a diversity-destroying amendment to ensure it is proper under [§ 1447(e)]' irrespective of plaintiff's right to amend under Federal Rules of Civil Procedure 15(a)." *Namvar v. Select Portfolio Servicing*, No. 3:14-cv-0600-GPC-BGS, 2014 WL 4955707 at *4 (S.D. Cal. Oct. 1, 2014) (citing *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (2014)).

**B.    Discussion**

The Court considers each of the six factors set out above in turn. First, the Court considers whether a new defendant should be joined under Rule 19 as needed for just adjudication. "Rule 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Dunning v. Hallmark Specialty Ins. Co.*, No. 2:20-cv-02455-ODW, 2020 WL 6123133, at *2 (C.D. Cal. Aug. 11, 2020) (citation omitted). Notably, "[a]lthough courts consider whether a party would meet [Rule 19's] standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under" Rule 19. *IBC Aviation Serv.*, 125 F. Supp. 2d at 1011–12. Therefore, this factor supports joinder when "failure to join would lead to separate and redundant actions" and discourages joinder when the party sought to be joined is only "tangentially related to the cause of action or would not prevent complete relief." *Id.*

Ortiz argues that O'Neal's joinder in the action is required to afford her complete relief because denying joinder would result in a separate action in state court and would limit

5

defendant's own liability in the instant action. MTR at 13. However, the proposed FAC fails to allege any basis for liability against O'Neal. In fact, the FAC does not assert anything concerning O'Neal's relationship to P.F. Chang's or any duty he may have owed to Ortiz. The only specific allegation as to O'Neal is that he is a resident of Fresno County. FAC ¶ 3. Moreover, the first cause of action, for negligence, is alleged solely against P.F. Chang's and DOES 1–50, not O'Neal. FAC ¶¶ 12–17.

While the second cause of action, premises liability, is alleged against all defendants, including O'Neal, *id.* ¶¶ 18–22, the FAC fails to allege that O'Neal had any role or responsibility with respect to P.F. Chang's that would provide a basis for premises liability. *See Gray v. America West Airlines, Inc.*, 209 Cal.App.3d 76, 81 (Cal. 1989) ("In premises liability cases…the duty to take affirmative action for the protection of individuals coming onto one's property 'is grounded in the possession of the premises and the attendant right to control and manage the premises.'") (internal citations omitted). The Court cannot determine that O'Neal's joinder is required to afford complete relief, as the FAC fails to state any viable claim against O'Neal. *See Namvar*, 2014 WL 4955707, at *4 (denying plaintiff's motion to remand where first amended complaint states no claim against new defendant to be joined). Accordingly, this factor weighs against joinder.[2]

Second, the Court considers the effect of the statute of limitations on Ortiz's ability to sue O'Neal separately. "If the statute of limitations would preclude the filing of an action against the new defendants in state court, this factor would weigh in favor of granting leave to amend to add the new defendants." *Forster*, 2024 WL 3913461, at *3; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988) (explaining that courts prefer to remand "when the statute of limitations on the plaintiff's state-law claim[] has expired before the federal court has determined

---

[2] While counsel's declaration in support of Ortiz's motion to remand states, on information and belief, that O'Neal "was a franchisee and employee" of P.F. Chang's (Doc. 7-1 at ¶ 18), Ortiz does not include any such allegation in her proposed FAC, nor does the FAC reference the declaration. The FAC's only specific allegation as to O'Neal is that he is a resident of Fresno County. FAC ¶ 3. Moreover, even if the bare allegation that O'Neal was a franchisee or employee were in the FAC, the FAC would not, without more, sufficiently state a claim against O'Neal.

6

1    that it should relinquish jurisdiction over the case"). Ortiz does not argue that the statute of
2    limitations would bar a separate action against O'Neal in state court. Thus, this factor weighs
3    against joinder.
4           Third, the Court considers whether there was an unexplained delay in seeking joinder.
5    Ortiz filed her initial complaint on November 15, 2023, P.F. Chang's removed the case on
6    January 17, 2024, and on February 14, 2024, Ortiz filed her motion to join O'Neal and to remand
7    the case. MTR. On its face, this timeline does not raise any suspicion of unexplained delays or
8    delays made in bad faith. *See, e.g.*, *IBC Aviation Serv.*, 125 F. Supp. 2d at 1012 (finding that
9    motion for post-removal joinder filed over two months after initial complaint was timely). In
10   fact, in its opposition, P.F. Chang's concedes there is "no clear evidence Plaintiff engaged in
11   unexplained delay in seeking the joinder." Opp'n at 15. As there is no facial indication nor
12   allegation of unjust delay, Ortiz did not unreasonably delay in seeking to amend her complaint.
13   Accordingly, this factor weighs in favor of joinder.
14          Fourth, the Court considers whether joinder is intended solely to defeat federal
15   jurisdiction. "The question of whether joinder is solely intended to defeat jurisdiction is
16   'intertwined' with the question of whether the claims against the new defendant appear valid."
17   *Sabag*, 2016 WL 6581154, at *5–6 (finding that plaintiff's motive in joining dealership defendant
18   was "not solely to destroy diversity" because plaintiff's claim against dealership was "facially
19   legitimate"). "Courts have permitted joinder even where the plaintiff appears to be primarily
20   motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid
21   claim against the non-diverse defendant." *Forster*, 2024 WL 3913461, at *4 (quotations omitted).
22          Ortiz has failed to demonstrate a colorable claim against O'Neal. While a restaurant
23   proprietor owes a common law duty of care to invitees and can be held liable for breach of that
24   duty, *see Delgado v. Trax Bar & Grill*, 36 Cal. 4th 224, 241 (Cal. 2005) ("[a] restaurant or bar
25   proprietor also has a duty to warn patrons of known dangers. . . ."), the burden to allege such a
26   theory of liability lies with the plaintiff in her complaint. Fed. R. Civ. P. 8(a)(2) ("A pleading that
27   states a claim for relief must contain: [] a short and plain statement of the claim showing that the
28   pleader is entitled to relief."). Ortiz's proposed FAC fails to assert any basis for liability against

O'Neal.  Accordingly, this factor weighs against joinder.

Fifth, the Court considers whether the claims against O'Neal appear valid.  "This factor requires only that the claim be facially valid, which is a lower standard than on a motion to dismiss or a motion for summary judgment."  *Forster*, 2024 WL 3913461, at *4.  As set forth above, this factor is not satisfied.  Ortiz makes no facially valid claim of negligence and premises liability against O'Neal.  Thus, this factor weighs against joinder.

The above analysis of the fourth and fifth factors also informs the consideration of defendant's fraudulent joinder argument.  A defendant claiming "fraudulent joinder bears a 'heavy burden' given the 'general presumption against finding fraudulent joinder.'"  *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).  To meet this "heavy burden," P.F. Chang's must show either "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Id.*  P.F. Chang's does not allege any actual fraud in Ortiz's pleading of the jurisdictional facts.  Fraudulent joinder can be "established the second way if a defendant shows that an 'individual joined in the action cannot be liable on any theory.'"  *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

As addressed above, the FAC fails to state a claim against O'Neal on any theory.  Accordingly, Ortiz fails to show a "*possibility* that a state court would find that the complaint states a cause of action" against the restaurant owner.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam) (emphasis added)).

Sixth, the Court considers whether denial of joinder will prejudice Ortiz.  "Prejudice exists if the proposed defendant is 'crucial' to the case.  Prejudice does not exist if complete relief can be afforded without that defendant."  *Forster*, 2024 WL 3913461, at *4 (citing *Sabag*, 2016 WL 6581154, at *6).  Given that the Court is not presented with claims against O'Neal that would provide Ortiz relief, it cannot conclude that complete relief would be denied without the joinder of O'Neal.  Accordingly, this factor weighs against joinder.

On balance, the *Palestini* factors weigh against the joinder of O'Neal. While Ortiz did not unreasonably delay in seeking to amend her complaint, her proposed FAC fails to allege any viable claim against O'Neal. Accordingly, Ortiz fails to establish a basis to file her FAC, and the Court retains diversity jurisdiction over this action.

## IV.   Conclusion and Order

Accordingly, the Court ORDERS:

1.  Ortiz's motion for leave to file first amended complaint and to remand action to state court, Doc. 7, is DENIED.

IT IS SO ORDERED.

Dated:   January 16, 2025

_____
UNITED STATES DISTRICT JUDGE

9